Whoopee! Our final case this morning is number 15-7005, Shoemake v. McDonald, Mr. Carpenter. Police of Court, Kenneth Carpenter appearing on behalf of Ronald Shoemake. At issue in this case are the legal standards concerning the presumption of aggravation. There are two relevant legal standards in that presumption. The first standard deals with the triggering event for the application of that presumption, which is that there is an increase in the severity of a pre-existing condition which was noted at entrance. The second legal standard deals with the evidence required to rebut the presumption once that is a board decision, which in a couple of places articulates the wrong standard. The question is whether that requires reversal. The Veterans Court on appeal said no, so why were they wrong? I believe they were wrong because they relied upon the notion that confusion and misphrasing, which creates obvious imprecision, is an acceptable interpretation and thus application of a statutory presumption. There are very precise terms, an increase in order to trigger, and clear and unmistakable evidence in order to rebut. The board was quite candidly all over the map, clearly finding that the presumption of soundness did not apply, but never directly addressing whether the presumption of aggravation applied. And they didn't do that because they didn't address the threshold question, the first legal standard under the statutory presumption, which is that there was an increase. In fact, they used medical evidence that substantially said there was no increase to substantiate their claim that somehow there was a natural progression. In fact, if the evidence showed there was no increase, then the presumption simply doesn't apply. Mr. Shoemate had the right to have the correct legal standard apply. When the Veterans Court essentially said that any errors of confusion with the board's phrasing was not prejudicial, simply undermines the use of a statutory presumption. It is that language within the statutory presumption that gives the Veteran the benefit of that presumption. And if there was, and we believe there was, and that the board implicitly found that there was an increase, then clearly the presumption applies, and there is a heavy burden on the board to come forward with evidence that the increase that occurred during service was less than the actual progression by clear and unmistakable evidence, not by mere opinion. All they have are repetitive opinions and unsubstantiated... That sounds like a sufficiency of the evidence question. Well, it may have been below, but I do not believe it is here. Here it is a question of whether or not the statute can be interpreted in such a way to simply dismiss the phrasing as items that can be confused by the decision-maker, in this case the board. And the board is the critical decision-maker in this process to determine whether or not the Veteran is or is not afforded the benefit of the presumption of aggravation. If he is afforded that benefit, we believe that the only resolution in this case is for him to prevail. If we think that the Veterans Court understood the correct legal standard and looked at the board evidence and found that it met that correct legal standard, aren't we without jurisdiction to do anything else? Aren't your arguments that you're making to us more properly directed to the Veterans Court? Well, they were made to the Veterans Court, and they were rejected as simply not being sufficient because the confusion was permitted. Given our, as you know, limited review. Yes, I understand. If you were to view it... Because it seems to me, I understand what you're arguing. It seems to me that you had a reasonably good argument at the Veterans Court that the board's, the confusing description of this standard could have caused harmful error in the way it made its factual findings. But it seems to me that the Veterans Court found that that was not the case. And I don't understand how we have jurisdiction to review that finding. I'm not sure they found that it was not the case. I believe that the lower court found that they did not apply the correct legal standard. The court then rationalized that conclusion and said that it wasn't prejudicial based upon the confusing phrasing. I'm suggesting that as a matter of law, the Veteran is entitled to the plain meaning of the statutory language. And he did not receive that benefit. And the Veterans Court, in determining that it was not prejudicial based upon this confusing phrasing, was depriving him of the benefit of that statutory presumption. But the error then, you're saying, is the error in the Veterans Court finding a prejudicial error. Finding that the use of confusing phrasing is permissible when you're dealing with a question of statutory interpretation to implement the presumption of aggravation. They didn't hold that you can apply the wrong standard. I'm sorry, Your Honor? They didn't hold that the board could apply the wrong standard. It just said that the board's inaccurate statement of the standard was not harmful error. Right. And I'm suggesting that that decision is inconsistent with the law. That the intent of Congress in affording a statutory presumption is to set out certain legal standards that, if met, the Veteran is relieved from the responsibility of coming forward with evidence. If you accept the interpretation relied upon by the Veterans Court to support their non-prejudice determination, it eviscerates the statutory presumption. Because it's meaningless. The board can simply be, as it was in this case, without any clear direction. And the real problem in this case, Your Honor, is that the Veterans Court does not go into any analysis about what 1153 and the VA's regulation requires. And they require clear and specific and precise things. A finding of increase in order to trigger the presumption. And clear and unmistakable evidence to rebut it. If the lower court had done an analysis and said, and based upon the evidence before the board, the board was justified in its conclusion, then that is an application of fact and we're out of this court's jurisdiction. But that's not what the Veterans Court did. The Veterans Court took the shortcut and said, well, yes, it's confusing, but it's not prejudicial. Well, in the context of a statutory presumption, it is prejudicial. Unless there are further questions from the panel? Okay. Thank you, Mr. Carver. Ms. Gerber? May it please the court. This is an application of fact law over which the court does not possess jurisdiction. Let's assume that the board definitely applied the incorrect legal standard and that the Veterans Court recognized it. How are the findings of fact made by the board under that incorrect legal standard harmless there? How do we know that the facts would have came out the same way if they had applied the proper legal standard? Taking your assumption, Your Honor, which we dispute, obviously, the Veterans Court on JA-5 says, the board's decision, when read in whole, including the board's discussion of the evidence relied upon, indicates that the board found that there was clear and unmistakable evidence that the changes in Mr. Shumake's hearing during service were due to the natural progression of the condition. That is the correct standard to be applied and the Veterans Court's responsibility in reviewing the board's decision is to take the factual determinations by the board and then determine whether there is, in fact, clear and unmistakable evidence. That's in Miller v. West. It's a Veterans Court decision explaining that, although it does not make factual determinations, it does review to know whether those factual determinations constitute clear and unmistakable evidence. That's an application of fact law, and again, this court does not possess jurisdiction over that. When do we get to the point, though, where the Veterans Court's harmful error standard is just, it becomes impossible for them? I mean, suppose you have a legal standard that the board has to apply and it makes every single specific finding key to language using an outdated or incorrect legal standard and that goes up on appeal and the court says, well, they used all the wrong language, but I think I get what they mean, and even under the new standard, they would have come out the same way, even though every single finding of fact was using the incorrect language. Would that be legal error there? Your Honor, I'm not prepared to say specifically whether that would be, it's certainly closer to an instance of legal error than here. The board's decision was not making factual determinations with the wrong standard in all places. Wait, how do you say that? Because it twice articulated the wrong standard. Yes, but it twice articulated the correct standard. On JA-54, the board explains the two-step process that my friend explained, that first there must be an increase in disability and then that the clear and unmistakable, there must be clear and unmistakable evidence to rebut that presumption and that is on the VA. And then on page JA-62, the board in its decision says, as the board finds that there is clear and unmistakable evidence that there was no increase in the veteran's pre-existing hearing loss beyond the natural progress of the disease during service, there is no basis to establish service connection. Now, Mr. Schumach argues that that is incorrect there because rather than saying there was no increase beyond the natural progression, there had to be a finding that the increase was due to the natural progression. But that's the same side, two sides of the same coin. And in fact, this court has made the same articulation of the standard under Section 1153. In Davis, this court said that the statute excludes from aggravation any increase attributable to the natural progression of the disease. That's the same language. The problem is that on the findings of fact, which would seem to be the most significant part of the board decision on page 50, the finding of fact is made under the wrong standard. Yes, Your Honor. It's only when you get to the reasons and basis that they articulate the correct standard. It is certainly regrettable that the board used that language in one place and different language, the correct language, elsewhere. This court, however, and the Veterans Court have determined that if we're looking at the board's decision as a whole, you can see that the board did apply the correct standard, then that isn't necessarily a legal error and the board, excuse me, the Veterans Court determined that it wasn't a prejudicial error. This court's decision in Cushman makes that clear and says the board, in its decision, made an incorrect legal standard, said unemployable rather than the standard that was actually required, but said that when you look at the board's decision as a whole, one can determine that they didn't actually rely on that incorrect legal standard and they applied the correct standard. That's what the Veterans Court determined here and this court has ruled that prejudicial error determination by the Veterans Court is a factual determination unreviewable here. Therefore, this is... I'm not sure that's always the case, but... There may be certainly such extreme cases that this court might say that there's legal error as a matter of law, but just as this court does not review weighing of evidence but might say there's a legal error if there's no evidence, that's the sort of situation that we'd be talking about and that's not the situation here, Your Honor. Therefore, we request that the court dismiss this case for lack of jurisdiction. Thank you. Okay. Thank you, Ms. Gerber. Just briefly, Your Honor. It's clear that the board did not use the correct legal standard in its finding of facts and quite frankly, I do not believe that the Veterans Court used the correct legal standard because left out of what the Veterans Court said was the critical qualifier in the legal standard under the VA's regulation, which is clear and unmistakable evidence. It is not simply a matter that there was an increase due to the natural progression. An increase due to the natural progression and evidence thereof is not sufficient. That evidence under the correct legal standard must be clear and unmistakable and in the words of the VA's regulation, must be obvious and manifest. Those are important, precise considerations that require analysis by the board of the evidence of record and that evidence simply wasn't there because the board used the wrong analysis. Well, but the board does indicate the board found there was clear and unmistakable evidence. The changes were due to the natural progression of the condition. They did make that finding and that finding was based upon evidence that was exclusive to opinions by their VA examiners. I was directing that to your suggestion that the board used the wrong standard. It sounds to me that the Veterans Court used the wrong standard. In fact, the Veterans Court used the right standard, correct? Well, in articulating it, yes, but I do not believe in their analysis of whether this was or wasn't prejudicial because if that is the correct legal standard as articulated by the Veterans Court, then it cannot be non-prejudicial for the board to simply have abandoned it. The board didn't go to the critical piece in determining whether or not that presumption was or wasn't rebutted. The court below concedes that implicitly the board found that there was an increase. That seems to me to be an error of law because you don't make an implicit finding. You make an explicit finding in order to trigger it, but then once it's triggered, then the evidentiary burden shifts to the VA and the VA must come forward with clear and unmistakable evidence and what is described in the VA's regulation is based upon medical facts and data. There are no medical facts and no data in this record and the board attempts to point to none. The board simply points to the unsubstantiated conclusion of their examiners which included the language of the regulation that it did not increase beyond the natural progression by clear and unmistakable evidence, but that is not the legal standard. The legal standard as defined by the VA's regulation is that it must be a manifest and obvious evidence and that that evidence must be based upon medical facts and data, supporting data. That's it for the questions from the panel. Thank you very much. Okay. Thank you, Mr. Carpenter. Thank both counsel. The case is submitted. That concludes our session for today.